IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| REBECCA and WILLIER B., Individually and on behalf of their minor child, CAITLIN B., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF HAWAII, DEPARTMENT OF EDUCATION and PAT HAMAMOTO, in her official capacity as Superintendent of Hawaii Public Schools, <br><br> Defendants. | Civ. No. 05-00498 ACK/KSC |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND RESETTING THE BRIEFING SCHEDULE

### BACKGROUND

Rebecca and Willier B., individually and on behalf of their minor child, Caitlin B. ("Plaintiffs"), have sued the State of Hawaii, Department of Education and Pat Hamamoto, in her official capacity as Superintendent of the Hawaii Public Schools ("Defendants"), for denying Caitlin B. the free and appropriate public education ("FAPE") to which she was allegedly entitled. Plaintiffs assert that Caitlin B., who was certified as a special education student, is entitled to a FAPE pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401, et seq., and Section 504 of the Rehabilitation Act of 1973,

1

29 U.S.C. § 794.

On or about March 3, 2005, Plaintiffs requested an administrative hearing with the Department of Education, pursuant to the IDEA.  The administrative process commenced on or about April 11, 2005 and concluded on May 25, 2005.  On or about July 7, 2005, Plaintiffs received the hearing officer's decision, which was dated July 5, 2005.

Dissatisfied with the conclusions of the hearing officer, Plaintiffs filed suit in this Court pursuant to 20 U.S.C. § 1415(i)(2)(A) on August 4, 2005.  Defendants, who allege that they were not served with Plaintiffs' Complaint and Summons until October 4, 2005, filed an Answer on October 7, 2005.

On October 24, 2005, each party submitted a scheduling conference statement.  On October 31, 2005, Magistrate Judge Chang held the Rule 16 scheduling conference.  At that time, the court established the following briefing schedule: Plaintiffs' Opening Brief was due January 31, 2006; Defendants' Memorandum in Opposition was due March 31, 2006; and Plaintiffs' Reply was due May 1, 2006.  Finally, the hearing on the appeal was set before this Court on June 5, 2006.

Plaintiffs did not file an Opening Brief by January 31, 2006.  However, Defendants filed a Responsive Brief at the March 31, 2006 deadline.  Plaintiffs also neglected to file a Reply by the May 1, 2006 deadline.  The Court received the Administrative

Record on Appeal on March 2, 2006.

Defendants moved to dismiss Plaintiffs' Complaint on May 3, 2006.  The Court issued an Order on May 5, 2006 establishing the following: Plaintiffs must file any Opposition to the Motion to Dismiss by May 10, 2006; Defendants could reply to the opposition by noon on May 12, 2006; and the Court would hold a hearing regarding Defendants' Motion to Dismiss on May 15, 2006.

In response to the Court's May 5, 2006 Order, Plaintiffs filed an Opposition to Defendants' Motion to Dismiss on May 10, 2006.  Defendants chose not to file a Reply.  The parties appeared before the Court on May 15, 2006 to address Defendants' Motion to Dismiss.

**STANDARD**

I.  **Motion to Dismiss for Failure to Prosecute**

Federal Rule of Civil Procedure 41(b) permits a defendant to move for dismissal of an action or claim against the defendant if the plaintiff fails "to prosecute or to comply with [the federal] rules or any order of the court."  Fed. R. Civ. P. 41(b).  A Rule 41(b) dismissal generally "operates as an adjudication upon the merits."  Id.

"District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case."

Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992)). Dismissal is a harsh penalty and should only be exercised in extreme circumstances. Id. "In determining whether to dismiss a case for failure to comply with a court order, district courts must weigh five factors: (1) the public interest [in expeditious resolution of the litigation]; (2) the court's need to manage the docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Bautista, 216 F.3d at 841; Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

## DISCUSSION

As Defendants submit in their Motion to Dismiss, Plaintiffs have failed to prosecute their claims and neglected to comply with the briefing schedule determined by the court. Plaintiffs concede that they were aware of the deadlines set at the Rule 16 Scheduling Conference. (Plaintiffs' Opposition at 2). Plaintiffs suggest that they were not formally notified by a scheduling conference notice, however, they concede that it is their responsibility to calendar and comply with the court's deadlines. (Plaintiffs' Opposition at 2). Plaintiffs have offered no legal arguments in opposition to Defendants' Motion, but request nonetheless that the Court reset the briefing

schedule.

A court may dismiss a complaint upon the defendant's request if the plaintiff fails to prosecute, or neglects to follow the federal rules or orders of the court.  Fed. R. Civ. P. 41(b).  The Court will now consider the five factors outlined by the Ninth Circuit to determine whether it should impose this harsh remedy.  See Bautista, 216 F.3d at 841; Yourish, 191 F.3d at 990.

1.   Public Interest in Expeditious Resolution of Litigation

The briefing schedule was set almost seven months ago and Plaintiffs have still not filed their Opening Brief.  It is in the public's interest for the case to be resolved as close to the original June 5, 2006 hearing date as possible.

2.   Docket Management

It is within the court's power to manage its own docket without being subject to noncompliant litigants.  Ferdik, 963 F.2d at 1261.  Plaintiffs' failure to comply with the briefing schedule has already disrupted this Court's calendar as an additional hearing had to be scheduled on May 15, 2006 to dispose of the Motion to Dismiss.  The Court will reschedule deadlines and hearing dates so long as they do not interfere with the Court's calendar.

3.   Risk of Prejudice to Defendants

Defendants claim that they are prejudiced by

5

Plaintiffs' inaction because they are unaware of Plaintiffs' specific objections to the administrative hearing officer's decision.  Plaintiffs assure the Court that all of the relevant substantive issues for the appeal were previously briefed during the administrative process and that Plaintiffs identified the reasons for their appeal in the Complaint.  Defendants filed a substantive responsive brief on March 31, 2006 to address what they assumed to be the matters in dispute.

While the Court finds that Plaintiffs have been dilatory in handling this case, the Court concludes that Defendants will not be prejudiced if Plaintiffs are permitted to proceed with this case.  The Court can ensure that Defendants will not be prejudiced by granting them leave to file an additional opposition to Plaintiffs' Opening Brief.

4.    Public Policy

It is generally consistent with public policy for cases to be adjudicated on the merits, and not dismissed because of procedural errors.  Yourish, 191 F.3d at 992.  Defendants present no argument to the contrary.

5.    Less Drastic Alternatives

While Plaintiffs' failure to comply the briefing schedule has unnecessarily interfered with the Court's docket and delayed an expedient resolution of this matter, the Court concludes that a less drastic alternative to dismissal is

appropriate.  Plaintiffs have assured the Court that all issues for litigation have been previously briefed and that they can submit an Opening Brief within two weeks.  The Court grants leave for Plaintiffs to file an Opening Brief by May 26, 2006.  Defendants may then file a Memorandum in Opposition to Plaintiffs' brief by June 9, 2006.  Plaintiffs' Reply Brief is due June 13, 2006.  The Court resets the hearing on the appeal for Monday, June 19, 2006 at 10:30 a.m..

## CONCLUSION

For the foregoing reasons, the Court: (1) DENIES Defendants' Motion to Dismiss; (2) GRANTS leave to Plaintiffs to file an Opening Brief by May 26, 2006 and a Reply Brief by June 13, 2006; (3) GRANTS leave to Defendants to file a Memorandum in Opposition to Plaintiffs' Opening Brief by June 9, 2006; and (4) RESETS the hearing date to June 19, 2006 at 10:30 a.m..

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, May 15, 2006.



_____
Alan C. Kay
Sr. United States District Judge

REBECCA AND WILLIER B., et al., v. STATE OF HAWAII, DEPARTMENT OF EDUCATION, et al., Civ. No. 05-00498 ACK/KSC, ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND RESETTING THE BRIEFING SCHEDULE.